UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KANHA PHOUNSAVATH,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No.  1:23-cv-01436-HBK<br><br>ORDER REMANDING CASE TO COMMISSIONER OF SOCIAL SECURITY [1]<br><br>(Doc. Nos.  8, 12) |

Kanha Phounsavath ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for disability insurance benefits under the Social Security Act.  (Doc. No. 1).  The matter is currently before the Court on the parties' briefs, which were submitted without oral argument.  (Doc. Nos. 8, 12-13).  For the reasons set forth more fully below, the Court remands the matter to the Commissioner of Social Security for further administrative proceedings.

## I.   JURISDICTION

Plaintiff protectively filed for disability insurance benefits on January 28, 2020, alleging

---

[1] Both parties have consented to the jurisdiction of a magistrate judge in accordance with 28 U.S.C. §636(c)(1).  (Doc. No. 16).

an onset date of January 28, 2020. (AR 306-09). Benefits were denied initially (AR 102-23, 171-75), and upon reconsideration (AR 124-40, 182-87). Plaintiff appeared at a telephonic hearing before an Administrative Law Judge ("ALJ") on July 12, 2022. (AR 18-44). Plaintiff was represented by counsel and testified at the hearing with an interpreter. (*Id.*). The ALJ issued an unfavorable decision on September 27, 2022. (AR 141-66). On June 27, 2023, the Appeals Council notified Plaintiff that they granted her request for review of the ALJ's decision, and indicated they were taking action because the ALJ incorrectly calculated the date last insured as June 30, 2020. (AR 286-90). On August 25, 2023, the Appeals Council corrected the date last insured to September 30, 2020, adopted the ALJ's findings and conclusions regarding whether Plaintiff is disabled, agreed with the ALJ's findings under all steps of the sequential analysis, and issued an unfavorable decision denying Plaintiff disability insurance benefits. (AR 1-10). The Appeals Council decision is the Commissioner's final decision for the purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3); *Sousa v. Callahan*, 143 F.3d 1240, 1242 n.3 (9th Cir. 1998).

## II.     BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the Appeals Council and ALJ decisions, and the briefs of Plaintiff and Commissioner. Only the most pertinent facts are summarized here.

Plaintiff was 57 years old at the time of the hearing. (*See* AR 340). She completed eleventh grade in Laos and cannot read or write in English. (AR 22-23). Plaintiff has work history as a farm laborer and a bench worker. (AR 37). She is claiming disability based on symptoms from mental health issues, a reported heart condition, and high blood pressure. (AR 23). Plaintiff testified that she is unable to work because of poor concentration, problems getting along with people, and high blood pressure. (AR 32). She reported she does not go out much, needs a family member to go with her to the grocery store, has panic attacks once or twice a week, is depressed, has fatigue, and has "far sight problems." (AR 33-34). Plaintiff testified that she has been using a prescribed walker for two years because of leg pain. (AR 34).

## III.    STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is

governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id*. An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

**IV.   FIVE-STEP SEQUENTIAL EVALUATION PROCESS**

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. See 20 C.F.R. § 404.1520(a)(4)(i)-(v). At step one, the

Commissioner considers the claimant's work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 404.1520(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §

404.1520(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 404.1520(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

### V.     APPEAL COUNCIL'S FINDINGS

At step one, the Appeals Council found that Plaintiff has engaged in substantial gainful activity (SGA) since January 28, 2020, the alleged onset date. (AR 7). At step two, the Appeals Council found that Plaintiff has the following severe impairments: essential hypertension, obesity, osteoarthritis, and depressive bipolar disorder. (AR 7). At step three, the Appeals Council found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. (AR 7). The Appeals Council then found that Plaintiff has the RFC to perform a reduced range of the medium exertional level

> except occasionally climb ramps or stairs, stoop, kneel and crawl. She could not climb ladders, ropes or scaffolds. She must avoid hazardous work environments such as working at unprotected heights, operating fast or dangerous machinery, or driving commercial vehicles. She must avoid walking on slippery or uneven terrain. She is limited to simple, routine tasks with only occasional public contact, but should not do jobs that require the public to complete the tasks. She could occasionally perform tasks that require teamwork. She cannot perform jobs that require the ability to read or write in English, but she should be able to perform unskilled tasks that can be learned by demonstration within a 30-to-90-day period. She cannot perform quota-driven work. She should work mainly with objects and not people.

(AR 7). At step four, the Appeals Council found that Plaintiff is unable to perform her past relevant work. (AR 7). At step five, the Appeals Council found there are a significant number of

jobs in the national economy that Plaintiff can perform, including hand packager, hardware assembler, polisher buffer, industrial cleaner, and machine packager. (AR 8). On that basis, the Appeals Council concluded that Plaintiff is not disabled, as defined in the Social Security Act, at any time from January 28, 2020, the alleged onset date, through September 30, 2020, the date last insured. (AR 8).

## VI. ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title II of the Social Security Act. (Doc. No. 1). Plaintiff raises the following issues for this Court's review:

1. Whether the Appeals Council properly considered the medical opinions of Pauline Bonilla, Psy.D. and Lance Zimmerman, Ph.D.;
2. Whether the Appeals Council properly considered Plaintiff's mental health symptom claims; and
3. Whether the Appeals Council properly resolved an apparent inconsistency between the vocational expert testimony and the Dictionary of Occupational Titles.

(Doc. No. 8 at 9-23).

## VII. DISCUSSION

### A. Medical Opinions

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c. The new regulations provide that the ALJ will no longer "give any specific evidentiary weight…to any medical opinion(s)…" *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; see 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. §§ 404.1520c(a) and (b), 416.920c(a) and (b). The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant

(including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of an examination), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements"). 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).

Supportability and consistency are the most important factors, and therefore the ALJ is required to explain how both factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Supportability and consistency are explained in the regulations:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2). The ALJ may, but is not required to, explain how the other factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). However, when two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported ... and consistent with the record ... but are not exactly the same," the ALJ is required to explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

The Ninth Circuit has additionally held that the new regulatory framework displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). Nonetheless, in rejecting an examining or treating doctor's opinion as unsupported or inconsistent, an ALJ must still provide an explanation supported by substantial evidence. *Id.* at 792. This means that the ALJ "must 'articulate ... how persuasive' [he or she] finds 'all of the medical opinions' from each doctor or other source ... and 'explain

how [he or she] considered the supportability and consistency factors' in reaching these findings." *Id*. (citing 20 C.F.R. §§ 404.1520c(b), 404.1520(b)(2)).

Plaintiff argues the Appeals Council improperly considered the medical opinions of Pauline Bonilla, Psy.D. and Lance Zimmerman, Ph.D. (Doc. No. 8 at 14-20). In January 2021, Dr. Pauline Bonilla examined Plaintiff and opined that she had moderate limitations in her ability to complete a normal workday/workweek without interruptions from a psychiatric condition and deal with stress and changes encountered in the workplace; and the likelihood of Plaintiff emotionally deteriorating in a work environment is minimal to moderate. (AR 458). The ALJ found Dr. Bonilla's opinion was "generally persuasive" as it was based on personal examination and reflects the improvement Plaintiff achieved with medications. (AR 157 (also finding the state agency consultant opinion at the initial level of review "reflects a broader period during which the claimant remained more symptomatic until appropriate treatment provided improvement to her symptoms.")). The Appeals Council "agreed" with the ALJ's findings at all steps of the sequential evaluation; however, the Appeals Council specifically found Dr. Bonilla's opinion was only "somewhat persuasive" solely because the evaluation occurred in January 2021, after Plaintiff's date last insured of September 30, 2020. (AR 6).

Plaintiff argues the Appeals Council failed to properly evaluate Dr. Bonilla's opinion because "the AC failed to explain its consideration of the supportability and consistency factors" and erred by disregarding her opinion "merely because the evaluation and opinion were issued a few months after the expiration of Plaintiff's insured status, particularly when there was no significant change in Plaintiff's mental condition in the short intervening time period." (Doc. No. 8 at 19). As an initial matter, Defendant has waived any argument that this reason was legally sufficient by failing to respond to Plaintiff's argument. *See, e.g., Jeffrey C. v. Kijakazi*, 2023 WL 4760603, at *3 (D. Or. July 26, 2023) (collecting cases) ("The Government's failure to defend Plaintiff's allegations of error, . . . is a concession of those alleged errors.").

Regardless, to the extent the Appeals Council rejected any portion of Dr. Bonilla's opinion as only "somewhat persuasive," they must do more than state a conclusion; rather, the Appeals Council must "set forth [their] own interpretations and explain why they, rather than the

8

doctors', are correct." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998); *Brown-Hunter*, 806 F.3d at 495 (a court "cannot substitute [the court's] conclusions for the ALJ's, or speculate as to the grounds for the ALJ's conclusions. Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for [the court] to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence."). "This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick*, 157 F.3d at 725. In addition, as noted above, the Ninth Circuit recently clarified that under the new regulations for considering medical evidence, "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. The agency must 'articulate … how persuasive' it finds 'all of the medical opinions' from each doctor or other source, 20 C.F.R. § 404.1520c(b), and "explain how [it] considered the supportability and consistency factors" in reaching these findings, *id.* § 404.1520c(b)(2)." *Woods*, 32 F.4th at 792. Here, the Appeals Council fails to identify or explain how the specific limitations assessed by Dr. Bonilla were "somewhat persuasive" pursuant to the revised regulations; thus, the Appeal Council's finding was not supported by substantial evidence.

Moreover, it is well-settled in the Ninth Circuit that "medical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the pre-expiration condition." *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988) ("It is obvious that medical reports are inevitably rendered retrospectively and should not be disregarded solely on that basis."). However, "while post-[date last insured] evidence cannot be rejected solely as remote in time, it can be rejected on the grounds that the evidence itself is not retrospective." *Boucher v. Colvin*, 2013 WL 3778891, at *2-3 (W.D. Wash. July 18, 2013); *Voelker v. Kijakazi*, 2023 WL 3062111, at *7 (E.D. Cal. Apr. 24, 2023) (finding plaintiff did not establish opinion post-dating date last insured was offered retrospective to a time prior to plaintiff's date last insured); *but see Svaldi v. Berryhill*, 720 F. App'x 342, 343-44 (9th Cir. 2017) (noting medical opinion issued after date last insured should be considered because it referred to chronic condition and symptoms during the relevant period). Here, to the extent it was offered as a reason to discount Dr.

Bonilla's opinion, the Appeals Council's finding that the "evaluation occurred in January 2021, after the claimant's date last insured of September 30, 2020," without consideration of whether the evidence was retrospective, does not rise to the level of substantial evidence to find Dr. Bonilla's opinion only somewhat persuasive.

Defendant's sole argument is that "there is no conflict for the Court to resolve" because the RFC assessed by the Appeals Council properly accounted for the moderate limitations assessed by Dr. Bonilla. (Doc. No. 12 at 10-12). Specifically, Defendant argues any error in considering the Dr. Bonilla's opinion was harmless because the assessed RFC limiting Plaintiff to simple and routine tasks, limited social interaction, and no quota-drive work properly incorporated the moderate limitations assessed by Dr. Bonilla in Plaintiff's ability to complete a normal workday/workweek and deal with stress and changes in the workplace.[2] (*Id*. at 11-12 (collecting cases finding RFC limitation to simple tasks accommodated opinion assessing moderate limitations in plaintiff's ability to respond to work pressure, maintain regular attendance, and complete a normal workday/workweek); *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (an ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions identified in medical testimony)). Plaintiff responds that any error in considering Dr. Bonilla's opinion would not be harmless because the RFC did not account for Plaintiff's moderate limitations in dealing with stress or workplace changes. (Doc. No. 8 at 20). The Court agrees.

A claimant's RFC is "the most [the claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a); 20 C.F.R. § 416.945(a). The RFC assessment is an administrative finding based on all relevant evidence in the record, not just medical evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). In determining the RFC, the Appeals Council must consider all limitations, severe and non-severe, that are credible and supported by

---

[2] As to Dr. Bonilla's functional assessment that the likelihood of Plaintiff emotionally deteriorating in a work environment is minimal to moderate, Defendant argues Plaintiff provides "no cogent reasons or relevant legal authorities why this 'minimal to moderate' limitation equates to 'work absences or the need for additional work breaks.'" (Doc. No. 12 at 12). In light of the need to reconsider Dr. Bonilla's opinion on remand for the reasons discussed *supra*, it is unnecessary for the Court to consider this argument.

10

substantial evidence in the record. (*Id.*) (RFC determination will be affirmed if supported by substantial evidence). However, the RFC findings need only be consistent with relevant assessed limitations and not identical to them. *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1222-23 (9th Cir. 2010).

Defendant generally cites the finding in *Stubbs-Danielson* that a limitation to simple, routine, repetitive work properly accounted for moderate limitations in concentration, persistence, and pace; and relies on additional case law concluding that a claimant's low tolerance for stress or moderate limitations dealing with changes are accounted for in an RFC limiting claimant to simple, repetitive tasks. (Doc. No. 12 at 11 (citing *Stubbs-Danielson*, 539 F.3d at 1174; *Garza v. Comm'r of Soc. Sec.*, 2022 WL 2974691, at *11 (E.D. Cal. July 27, 2022) (collecting cases)). However, "the Ninth Circuit and district courts in the Ninth Circuit have held that *Stubbs-Danielson* does not control in cases where the limitations relate to functional areas other than concentration, persistence, and pace, such as social functioning and attendance." *Panziera v. Berryhill*, 2018 WL 278623, at *20 (N.D. Cal. Jan. 3, 2018). After review of the most recent case law, the Court agrees.

> [U]npublished district course case law (which is not controlling, but is more factually on point) is split but tends to favor the view that a restriction to simple/routine tasks with limited public contact does not account for the moderate limitations [the doctor] identified in interacting with supervisors and peers, handling work related stressors, maintaining regular attendance, and completing a normal workweek without interruption. The district court case law in support of Defendant's position is sparser and more outdated. The weight of the more recent case law tends to refute the notion that a limitation to simple/routine tasks with limited public contact adequately accounts for other limitations in social interaction, maintaining attendance, completing a normal workday without interruptions from a psychiatric condition, and handling work related stressors.

*Harrell*, 2021 WL 4429416 at *6 (internal citations omitted); *see also Macias v. Saul*, 2021 WL 856423, at *6 (E.D. Cal. Mar. 8, 2021) (collecting cases and holding that a limitation to simple one- or two- step tasks does not account for attendance limitations); *Gowan v. Comm'r of Soc. Sec.*, 2024 WL 3372470, at *3 (E.D. Cal. July 11, 2024) (citing *de los Santos v. Kijakazi*, 2022 WL 1541464, at *6 (E.D. Cal. May 16, 2022) ("The case law in this circuit is split but tends to

favor the view that a restriction to simple/routine tasks is not a catchall and does not account for limitations such as maintaining attendance"); *Berenisia Madrigal v. Saul*, 2020 WL 58289, at *5-6 (E.D. Cal. Jan. 6, 2020) (restriction to simple, routine tasks dos not account for assessed limitations in ability to complete a normal workday or workweek without interruptions from psychiatric condition and the ability to deal with stress or changes encountered in the workplace); *Millsap v. Kijakazi*, 2023 WL 4534341, at *5-6 (E.D. Cal. July 13, 2023) (rejecting argument that limitation to simple, routine tasks in the RFC accounted for moderate mental limitations in opinion the ALJ found persuasive, including ability to complete a normal workday or workweek); *Sahyoun v. Saul*, 2020 WL 1492661, at *4 (E.D. Cal. Mar. 27, 2020) (rejecting argument that limitation to work involving simple and repetitive tasks adequately captured moderate limitations in maintaining regular attendance, completing a normal workday or work week without interruption from psychiatric condition, and handling work-related stress); *but see Messerli v. Berryhill*, 2017 WL 3782986, at *11 (E.D. Cal. Aug. 31, 2017) (finding limitation to simple routine tasks adequately accounted for moderate limitations in ability to accept instructions, interact with coworkers and the public, maintain attendance, and complete a normal workday/workweek without interruptions); *Schmidt v. Colvin*, 2013 WL 5372845, at *17 (E.D. Cal. Sept. 25, 2013) (finding RFC limitation to simple unskilled work adequately captured opined moderate limitations in completing a normal workday and work week).

Based on the foregoing, the Court finds the RFC limiting Plaintiff to simple, routine tasks with only occasional public contact, occasional tasks that require teamwork, no quota-driven work, and working "mainly with objects and not people" (AR 7), does not account for Dr. Bonilla's findings of moderate limitations in Plaintiff's ability to complete a normal workday/work week and deal with stress and changes encountered in the workplace. The Appeals Council's failure to provide reasons, supported by substantial evidence, to reject those limitations, particularly as to her ability to complete a workday/work week and deal with stress and changes, or to properly incorporate those limitations into the assessed RFC, constitutes error. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006) ("an ALJ is not free to disregard properly supported limitations"); *Byrd v. Colvin*, 2017 WL 980559, at *8 (D. Or. Mar.

14, 2017) ("Here, the ALJ gave great weight to [the] opinion, but the RFC failed to take into account all of the limitations identified by [the doctor], and the ALJ failed to explain why she did not include the limitations in the RFC. As a result, the ALJ erred in formulating the RFC."). Further, on the record before the Court it cannot conclude that the error was harmless, as the VE testified that missing more than two days of work per month or being productive only four to six hours a day would not be allowed in competitive employment. (AR 40); *see Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006) (the reviewing court cannot consider an error harmless unless it "can confidently conclude that no reasonable ALJ, when fully crediting the [evidence], could have reached a different disability determination").

On remand, the ALJ must reconsider Dr. Bonilla's opinion along with the relevant medical evidence, and, if necessary, reassess the RFC.

**B. Additional Assignments of Error**

Plaintiff also argues the Appeals Council failed to properly evaluate the medical opinion of Lance Zimmerman, Ph.D.; the Appeals Council failed to present the requisite reasons for discounting Plaintiff's mental health symptom claims; and the Appeals Council failed to resolve an apparent inconsistency between the vocational expert's testimony and the Dictionary of Occupational Titles. (Doc. No. 8 at 9-17, 21-23). As to Dr. Zimmerman's opinion, the Court particularly notes that the Appeals Council relied on inconsistencies between Dr. Bonilla and Dr. Zimmerman's opinion as a reason to find Dr. Zimmerman's opinion not persuasive. (AR 6).

In light of the need to reconsider Dr. Bonilla's medical opinion, and the relevant medical evidence, the Court declines to consider these challenges in detail here. On remand, the ALJ is instructed to reconsider the relevant medical opinion evidence and conduct a new sequential analysis, including a reevaluation of Plaintiff's symptom claims, and a reassessment of the RFC and step five finding if necessary.

**C. Remedy**

Plaintiff requests that the case be remanded for further administrative proceedings and a new decision. (Doc. No. 8 at 23). The Court finds that further administrative proceedings are appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir.

2014) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose). Here, the Appeals Council improperly considered the medical opinion evidence, which calls into question whether the assessed RFC, and resulting hypothetical propounded to the vocational expert, are supported by substantial evidence. "Where," as here, "there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Treichler*, 775 F.3d at 1101. On remand, the ALJ should reevaluate the medical opinion evidence, as well as Plaintiff's symptom claims. If necessary, the ALJ should order additional consultative examinations and, if appropriate, take additional testimony from medical experts. The ALJ should conduct a new sequential analysis, reassess Plaintiff's RFC and, if necessary, take additional testimony from a vocational expert which includes all of the limitations credited by the ALJ.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for Summary Judgment (Doc. No. 8) is GRANTED.
2. Defendant's Cross Motion for Summary Judgment (Doc. No. 12) is DENIED.
3. Pursuant to sentence four of 42 U.S.C.§ 405(g), the Court REVERSES the Commissioner's decision and REMANDS this case back to the Commissioner of Social Security for further proceedings consistent with this Order.
4. An application for attorney fees may be filed by separate motion within thirty (30) days.
5. The Clerk shall enter judgment in favor of Plaintiff, terminate any motions and deadlines, and close this case.

Dated: March 5, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE